IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| In The Matter Of The Application Of: ) | |
| FRANK IGWEBUIKE EWONWU ) | |
| Petitioner, Pro Se, ) | |
| ) | |
| V. ) | |
| ) | |
| MICHEAL CHERTOFF, Secretary Of ) | CIVIL ACTION FILE NO. |
| Department Of Homeland Security, ET AL) | 05 -11666 - WGY |
| Respondents. | |
| _____ ) | |

PETITIONER'S SUPPLEMENTAL EVIDENCE IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS

**Response to Respondent's motion to dismiss Petitioner's Petition.**

**Introduction**

Respondents opposition to petitioner's motion for release, as stated in the petitioner's claim;

1) Enwonwu seeks to re-litigate this court's earlier decision; He was denied release from continued custody.

2) Petitioner alleges that continued detention is unlawful because the removal order violates procedural and substantive due process. (Petition pg. 12)

3) Petitioner is exposed to danger in the Bristol House of Correction because of the publication of his cooperation with federal agents.

4) The relevant factors favor, release of petitioner.

5) That petitioner's detention exceeds the period permitted under the Supreme Court decision in Zadzydas vs. Davis, 533, U.S. 678 683 (2001).

Respondent claims that petitioner's assertion of perceived deficiency in his removal proceedings is of no assistance to this court as its jurisdiction is limited to the question of whether Enwonwu's continued detention is unlawful.

Respondent further alleges:

**that petitioner could have appealed this court's denial of release from custody to the court of appeals. He concluded by saying that petitioner has procedurally defaulted, as his detention is mandatory; pending the outcome of judicial review in the first Circuit Court of appeal.**

Finally, Respondent asserted that there is no state created danger because petitioner sought the publicity of which he complained.

Petitioner in response to respondent's claims states the following facts:

1) Petitioner's arrest on September 13th 2004 and detention was on the basis of a final order secured by the Executives who appealed on 12/16/99, a release order by the immigration judge. This court on April 11 2005 ruled that petitioner's petition to this court; Enwonwu's unconstitutional question has merit and the court therefore stopped his deportation pending a final ruling on this case.

Petitioner by right should be released pending a new ruling by the court of appeal. If the Board of Immigration Appeals reopened petitioner's case of February 15th 2005, petitioner by right should be released, pending a new ruling in front of that board.

Petitioner did not appeal the hearing officer's verdict on 12/16/99, but the respondent did. This court in granting a stay of deportation, and ordering a new trial on 4/11/2005 reopened the entire proceeding because this court was satisfied that there were constitutional questions to address subject to the Board of Immigration of Appeal's ruling. Unless the Executive does not recognize this courts jurisdiction prior to the enactment of RIDA, which transferred the pending case to the court of appeal, then the order of the court on April 11th 2005 means petitioner should be released immediately pending the resolution of this case. Obviously, the Executives recognize the courts jurisdiction because they respected the order of stray of deportation and the order denying release of detention as it pertains to petitioners claim that 6 months of detention time has elapsed following his arrest on 9/13/2004. Zadzydas, 533 U.S 678 683 (2001). The unlawfulness of the detention is

partly because there is no final order of removal in effect as of 4/11/2005, and as such Petitioner should be freed from custody, as he was, prior to the Board of Immigration of Appeal's shoddy performance of 5/3/2003.

Respondents claim of procedural default is therefore misguided. Respondent's action to continue mandatory detention of petitioner after the court reopened the case is a procedural default. In the matter of State-created-danger, it is established fact that respondent locked up Petitioner in isolation at the Suffolk House of Correction in Boston from April 13th 2005 until 4/27/2005 before they moved him to Bristol House of Corrections in North Dartmouth, MA. The reason is that the Sheriff in charge of Petitioners custody determined that Petitioner's life was in danger from other inmates as a result of the exposure of his status as a government informant. Respondents attempt to address the issue by moving him to Bristol house of correction did not stop danger facing Petitioner because the same condition is inherent at the Bristol House of Correction. The threat became real here at the B.H.O.C, while in Suffolk H.O.C.in Boston, the threat was only anticipated. This threat continues, and for the respondent to make such callous assertions that there is no State-created-danger shows the pattern of total disregard to petitioners right to life and liberty, and exhibits a behavior that shocks the conscience. Petitioner is under respondent's custody and cannot protect himself. Petitioner is not appealing this courts denial of his petition for release on the 7/12/2005 ruling, because that petition was based entirely on different set of facts. (6 months of detention without prosecution of removal order).

Petitioner is asking this honorable Court to please order his release based on the following facts: Detention of Petitioner at this time is unlawful as discussed:
2) Continued dentition has exposed petitioner to State-created-danger.
3) Three and a half years of detention on immigration proceeding is unreasonable and unconstitutional. Mandatory detention at this time is unlawful.

## ARGUMENT
### 1) JURISDICTION

Claims of unlawful detention or conditions of detention independent of the order of removal remains within this Court's Habeas jurisdiction. Also, all actions brought before the court before 5/11/2005 – the effective date of enactment of RIDA – and all decisions taken by this court before

3

5/11/2005, are within this Court's jurisdiction. Therefore, "the stay of deportation" is within this Court's jurisdiction. Therefore reopening this case, which nullifies the Board of Immigrations of Appeals decision not to reopen, is valid. All the evidentiary hearing and testimony undertaken in this court before 5/11/2005 are valid and admitted by the court of appeal in deciding this case. See RIDA (transfer of pending cases). Congress intended that claims, "independent of challenges to the validity of removal orders, remain within District Court's Jurisdiction." SEE H.R. Cons. Ret. No. 109-72 at 175 (2005). (Section 106 would not preclude Habeas review over challenges that are independent of challenges to removal. Instead the bill would eliminate Habeas review only over challenges to removal order.)

Accordingly, challenges to Petitioners detention under State created danger, unlawful mandatory detention, and excessive detention where there is no good reason to believe that there is likelihood of removal of petitioner in the foreseeable future. The burden is now on the government to show sufficient evidence to rebut and showing that petitioner will be removed soon or removed at all in the near future.

This court has jurisdiction to rule on that constitutional issue as it pertains to the Supreme Court's concern of excessive detention of aliens in deportation proceedings. The issue here is not about post-removal detention, but excessive and unlawful detention, and a State-created-danger violation.

2) Petitioner has not procedurally defaulted in his claims challenging continued custody and unlawful detention is as a result of his continued detention after this court reopened his case on April 11th 2005. His exposure to continued State-created-danger resulting with publication of his case in the Internet / newspapers all over the world. The fact that the case has been transferred to the court of appeals means there is no timetable to show when this case will be resolved. Three and a half years plus in detention for immigration proceedings is unlawful. Most importantly, the facts expressed by this Court in its "motion to transfer issue" suggest that Petitioner has a very good chance of winning his case in the Court of appeals. Based on that assumption, petitioner should be released on any condition, pending the resolution of this case.

4

The Respondent in his argument about mandatory detention referred to the Demore case the Supreme Court decision. In fact the Demore vs. Kim, 538 U.S. 510 (2003) the Demore court observed, that respondent for when the hearing for which he would have been entitled to raise any non frivolous argument available to demonstrate that he was not properly included in a mandatory detention category. See 8 CFR 3.19 (h) (2) (ii) (2002). In re, Joseph, 221 I & N Dec. 799 (1999) (123 S.ct.1713). The Demore court is addressing detention time to be between four months in the majority of the cases and five months in the minority of cases. And the condition that the respondent concedes he is deportable in the immigration proceeding. See Wong Wing, 163 U.S At 235 41 L. ED 140 16 S.ct 977. See also Carlson, 342. 534. 96L ED. 547 72 S.Ct 525. Flores, 507 U.S. 292 123L.Ed 2d 1 113 S.ct 1439. (INS detention of respondent, a criminal alien, who has conceded that he is deportable for the limited period of his removal proceeding, is governed by these cases). The Attorney General may release an alien if he determined pursuant to section 3521 of title 18 that the alien is a government witness or informant. Ricardo Welch Jr. v. John Ashcroft, 293 F.3d 213 (4th Circuit 2002). Counsel's claim that petitioner's custody is mandated by congress and is wholly consistent with due process, as found by the Supreme Court in Demore is misplaced. Congress and the Supreme Court never intended to detain Aliens in immigration proceedings for three and half years plus, and counting, especially where their procedural and substantive rights are violated. Counsel's claim and argument of mandatory detention is misplaced. The service has continued to release aliens with worse criminal cases on bond in this district and the record will prove it.

3)   The burden here shifts to the executive to prove that petitioner will be deported in he foreseeable future. The RIDA law enacted on 5/11/2005 prolonged the resolution of the case in this court. See Enwonwu 376. F. Supp 2d at 71. (This court recommends that Enwonwu be released at once and the case be administratively closed.)  If the chief judge in the oldest district court in America makes a recommendation like that in a 107-page ruling, the burden shifts to the executive to prove that Enwonwu does not stand a good chance of winning his case. His honor has made a strong and just recommendation to the court of appeal. The fact that counsel for the executive characterizes petitioners attempt to correct due process violations as an interference with the execution of the order of removal, portrays the governments disregard and callous indifferent behavior to Petitioner's plight, which definitely "shocks the conscience". In fact it is on record that the service release an alien Haidar, a Lebanese native, who was convicted of

numerous drug crimes and armed robbery from supervised release a few weeks ago, even though his petition is still pending in the court of appeal (double standard). Petitioner is facing discriminatory actions from this government because of the uniqueness of his case, which has put them on the defensive.

4) Petitioner's life is in danger in custody for exposure of his cooperation with the government as an informant. There is a state created danger. (The same executive that petitioner cooperated with to help solve Worldly problems are now indifferent to the risk of danger he is facing in custody, this is unbelievable.) The Press was at the trial on there own free will. The publication of petitioner's case in the Internet is beyond his control. Even the Executives are putting petitioners case as reference on their case. Petitioner has a right to fight for his life if the Executive who induced that cooperation by assuring protection are now trying to put him in danger (it is like throwing him into a snake pit). This is a country with a free Press and right to liberty and life. If the Executive acted in fair manner, there will be no State-created-danger. The issue here is that the Executive created the danger of retribution that he faces and they are bound to protect him especially when he is in their custody. DeShanney, 489 U.S 189 197 9103 L.ED 2d 249 109 S.ct 998) (1989). Rivera, 402 F.3d at 37 (emphasis added). Petitioner's burden is to demonstrate that the State created a danger, which he has done. Hasenfous v. Lajeunesse, 175 F.3d 68 73 (1st circuit 1999). Soto, 103 F.3d at 1064-65 (emphasis added). The burden of reporting, that showing, with proof that such danger is not present, logically falls on the Executive. The Executive sentenced Petitioner to isolation for two weeks between 4/13 and 4/27 2005 in Boston when the news was published. Because there was no place to hide petitioner and the authorities in Suffolk Jail did not want to bear responsibility of protecting petitioner from harm from other inmates, they moved him to another jail in North Dartmouth where the executives claim he is safer because the inmates are not exposed to Boston newspaper. Petitioner discovered on arriving in Dartmouth that the news had spread all over the place. Inmates, who are anti-America because they are facing deportation are subjecting me to numerous threats and I am still in fear and danger daily of attacks. All efforts to reach the Executives have failed and Petitioner continues to live in fear and is exposed to serious harm all the time. Petitioner desperately made a confidential report to the office of homeland security and the Inspector General in Washington about potential suspects terrorizing him because they are anti American. Some of those suspects have been posted to other jails within the past month and they have communicated to their fellow inmates that they suspect that I

6

was behind their movement. This is a very sensitive situation and has endangered my life even more. A record of this I am sure can be verified. Another inmate by name Oswald Johnson from Trinidad who has come to petitioners defense made similar complaints to the same department in Washington. The Executives complete indifference to the risk of danger of keeping Petitioner in detention amongst violent inmates who refer to him as a "snitch" "shocks the conscience".

**Conclusion**

Your honor, the continued long detention of Petitioner by this government is a discriminatory act to punish him for challenging and exposing their unlawful actions. The effects of this long and unlawful detentions have caused Petitioner irreparable damages. Petitioner has been denied the opportunity of a lifetime to be a father to his sons and active family member. Petitioner's children and family are the victims of this punishment. Petitioner's appearance in this court as "ProSe" is because he cannot afford any more funds for legal fees. He has spent all his life savings defending himself and put so much financial pressure on his family trying to save his life. For the forgoing reasons, this oldest court in the United States should do the right thing and guarantee a fair and effective system of Justice. Hon.JB. Weinstein; Everyday is a good day for a judge to lay down his professional life for justice, 32 Fordam Urb. L.J., 131 155 (2004) Enwonwu 376 F.Supp. 2d at 84. Petitioner requests that Respondent's opposition to the petition for release, be dismissed and an order for the release of Petitioner, be made immediately in this court, in any form, manner, and condition, as this court deems suitable.

Respectfully submitted this 9/06/05

Bristol County House Of Correction
Inmate # 135336
Unit G-C  Room –06      Frank Igwebuike Enwonwu
400 Faunce Corner Road,
North Dartmouth, MA. 02747

CERTIFICATE OF SERVICE.

I, Frank Igwebuike Enwonwu certify that on September 6th 2005 I caused a true copy of the foregoing to be served by hand delivery on Michael Sullivan, United States Attorney.

U.S. Attorneys Office
John Joseph Moakley
U.S. Court House
One Courthouse Way
Suite 9200
Boston, MA. 02210
(617) 748 3136

Dated 9-06-05

FRANK I. ENWONWU
400 Faunce Corner Road
North Dartmouth MA. 02747
Inmate # 135336
UNIT#  G-C   ROOM# 6
A# 19337631
Bristol County Sheriff's Office